IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | |
| DOMINIQUE JOHNSON | NO. 09-0685-02 |

## MEMORANDUM OPINION

Dominique Johnson is currently serving an 835-month sentence for a string of bank robberies he committed in the summer of 2009. The bulk of this sentence was the result of his conviction on three charges brought under 18 U.S.C. § 924(c), each of which earned Johnson lengthy, mandatory terms of imprisonment that must be served consecutively. Congress has since enacted the First Step Act, Pub. L. 115-391, 132 Stat. 5222 (2018), which amended Section 924(c) to substantially lower these mandatory minimums going forward. Thus, a defendant in Johnson's position today would likely receive a significantly shorter sentence following convictions for the same offenses.

Johnson, proceeding *pro se*, now moves to reduce his sentence pursuant to the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). That statute authorizes district courts to modify an imposed term of imprisonment upon a finding that "extraordinary and compelling reasons warrant such a reduction." *Id.* Congress did not define "extraordinary and compelling reasons," instead instructing the U.S. Sentencing Commission to do so. 28 U.S.C. § 994(t). Consistent with this direction, the Sentencing Commission recently promulgated a revised policy statement which states that a defendant's "unusually long sentence" that is grossly disproportionate to a "sentence likely to be imposed at the time the motion is filed" is a basis for compassionate release. U.S.S.G. § 1B1.13(b)(6). Johnson seeks application of this policy

statement to his case, arguing that because of the changes wrought by the First Step Act, his nearly 70-year sentence is both unusually and disproportionately long.

Binding precedent forecloses application of the Sentencing Commission policy statement to Johnson's case. Specifically, in *United States v. Andrews*, the Third Circuit held that "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance" warranting compassionate release. 12 F.4th 255, 260-61 (3d Cir. 2021). As this Court recently explained, this decision "remains binding law in this circuit, and it forecloses [the defendant's] argument that he is eligible for compassionate release pursuant to Section 1B1.13(b)(6) of the Sentencing Commission's revised policy statement." *United States v. Carter*, --- F.Supp.3d ----, 2024 WL 136777, at *6 (E.D. Pa. Jan. 12, 2024) (Beetlestone, J.).

> As explained, Section 1B1.13(b)(6) states that an "unusually long sentence" may be deemed an "extraordinary and compelling reason" warranting compassionate release, provided that the defendant has served at least 10 years of their term of incarceration, and that a non-retroactive change in the law has produced a "gross disparity" between the sentences of otherwise similarly situated individuals. U.S.S.G. § 1B1.13(b)(6). That provision—which indisputably covers [the defendant] and others in his position—is incompatible with *Andrews*'s interpretation of the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i), and its holding that "the duration of [a defendant's] sentence and the nonretroactive changes to mandatory minimums" is not one of the "extraordinary and compelling reasons" described by the statute. *Andrews*, 12 F.4th at 260.

*Id.* "Unless and until any reconsideration of *Andrews* takes place or it is abrogated by a Supreme Court decision," *id.* at *5, Section 1B1.13(b)(6) may not serve as the basis for compassionate release.

Johnson argues that other district courts have granted relief to defendants in situations that are similar to his. But the cases he points to were decided in jurisdictions where—contra *Andrews*—governing circuit precedent does not foreclose district courts from recognizing an unusually long sentence as a permissible basis for compassionate

release.  *See United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021); *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020).  The Third Circuit, as explained, has held the opposite, foreclosing this Court from granting similar relief.

Johnson further argues that the factors set forth in 18 U.S.C. § 3553(a) weigh strongly in favor of reducing his sentence.  But even if true, those factors are only relevant once a defendant has satisfied the "threshold question" of whether there are "'extraordinary and compelling' reasons for release."  *United States v. Stewart*, 86 F.4th 532, 535 (3d Cir. 2023).  Here, where "extraordinary and compelling reasons" for compassionate release—at least as defined by Third Circuit precedent—do not exist, Johnson is not entitled to relief.

An appropriate order follows.

                                                   **BY THE COURT:**

                                     */s/ Wendy Beetlestone*

                                      **WENDY BEETLESTONE, J.**